IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CURTIS KALLIE, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | A-13-CV-765-LY |
| | § | |
| CHRISTOPHER E. ROJAS, | § | |
|     Defendants. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:    THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

Before the Court is Curtis Kallie's ("Kallie") Application to Proceed *In Forma Pauperis* (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing the financial information in Kallie's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Kallie *in forma pauperis* status and ORDERS his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Kallie is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at

the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Kallie's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Kallie has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3rd Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**A.  Factual Allegations and Claims**

This case arises out of an automobile collision occurring on or about September 3, 2011. Dkt. No. 1, Attachment 1 at 2 [hereinafter Complaint]. In Kallie's Complaint, he accuses Defendant Christopher E. Rojas ("Rojas") of committing a third degree felony when a vehicle driven by Rojas collided with a car in which Kallie was driving. *Id.* According to Kallie, Rojas violated the Texas Transportation Code when he left the scene of the accident, claiming that he was going to retrieve his insurance information. *Id.* Additionally, Kallie brings negligence claims against Rojas, alleging that Rojas failed to (1) operate his vehicle in a single lane; (2) keep a proper lookout; (3) pay attention; (4) properly and timely apply his brakes; (5) drive at a reasonable and prudent speed; and (6) drive his vehicle with regard for the safety and welfare of other persons or property. *Id.* Kallie further asserts that Rojas failed to report the accident to local law enforcement and did not inform his personal insurance carrier. *Id.* Kallie seeks damages for his medical expenses, pain and suffering, mental anguish, physical impairment, loss of property, and court costs. *Id.* at 3.

**B.  Jurisdiction**

Kallie asserts that this Court has federal question jurisdiction over the instant suit. Dkt. No. 1, Attachment 3 [hereinafter Civil Cover Sheet]. However, after reviewing his Complaint, the Court can find no basis for federal jurisdiction in Kallie's instant suit. As such, the undersigned

recommends that the District Judge dismiss Kallie's federal cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismiss without prejudice his state law claims.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, federal courts possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Id.* A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. A federal court has federal question jurisdiction over an action only if "a federal question appears on the face of the plaintiff's well-pleaded complaint. *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Moreover, there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir.), 537 U.S. 1046 (2002). The complaint must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009).

Here, Kallie has not pleaded a cause of action arising under federal law. Even though Kallie asserts that this Court has federal question jurisdiction, his Complaint, and the facts contained therein, clearly indicate that his cause of action is based on state tort law and state statutes. For example, Kallie writes that his cause of action arises under the Texas Transportation Code involving a "hit and run" and a driver's legal duties in that situation. Civil Cover Sheet. Furthermore, the facts noted in his Complaint allege a general negligence claim against Rojas. Complaint at 2.

Specifically, Kallie asserts that Rojas violated several duties while driving, which resulted in Kallie's injuries. Neither of these claims arise under federal law and consequently, this Court may not exercise federal question jurisdiction in this case.[1]

It should also be noted that this Court does not have diversity jurisdiction in this case under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" In order for a federal court to exercise subject matter jurisdiction under the rubric of "diversity jurisdiction," there must be complete diversity between the opposing parties. *Corefield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003), *cert. denied*, 541 U.S. 1073 (2004). In this case, complete diversity does not exist because Kallie and Rojas are both citizens of Texas. Kallie's Complaint clearly indicates that both he and Rojas are residents of Travis County, Texas. Complaint at 1. He also notes that both parties are residents of the same state on his Civil Cover Sheet. Additionally, there is also no claim that the amount of damages sought by Kallie exceed the required minimum of $75,000 for the purposes of federal jurisdiction based on diversity grounds. Accordingly, Kallie has not shown that this Court may exercise federal jurisdiction over his case under the rubric of diversity jurisdiction.

Based upon the foregoing, the Court finds that it does not have subject matter jurisdiction over the instant suit.[2]

---

[1] Nothing in this recommendation should be taken by Kallie as an opinion by this Court concerning the merits of his claims under state law. Rather, the Court is simply determining that the proper forum for Kallie to raise his claims is before state courts.

[2] Kallie filed the instant suit on September 3, 2013, exactly two years after the car accident occurred. Complaint at 2. In Texas, personal injury actions are subject to a statute of limitations period of two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Consequently, the statute of

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Kallie *in forma pauperis* status (Dkt. No. 1).  Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Minnick's federal cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DISMISS WITHOUT PREJUDICE** his state law claims.

Should the District Court adopt this recommendation, the undersigned **FURTHER RECOMMENDS** that the District Court inform Kallie that pursuant to TEX. CIV. PRAC. & REM. CODE § 16.064(a), he will have sixty days from the date of dismissal in federal court to file his personal injury cause of action in state court.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

limitations regarding Kallie's personal injury claim has now passed.  However, Texas statutes provide that if a case is dismissed for lack of jurisdiction in the trial court where the action was first filed, the party will have sixty days following dismissal to re-file the case in the court of proper jurisdiction. TEX. CIV. PRAC. & REM. CODE § 16.064(a). As such, if the District Court were to adopt the undersigned's recommendation, Kallie would have sixty days after the date of dismissal to file his personal injury suit in Texas state court.

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of October, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE